UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DUANE STEGER,<br><br>            Plaintiff,<br><br>   v.<br><br>JO ANNE B. BARNHART, Commissioner,<br>Social Security Administration,<br><br>            Defendant. | CASE NO.   C04-5384RJB<br><br>REPORT AND<br>RECOMMENDATION<br><br>Noted for May 13, 2005 |

This matter has been referred to Magistrate Judge J. Kelley Arnold pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Magistrates Rule MJR 4(a)(4) and as authorized by <u>Mathews, secretary of H.E.W. v. Weber</u>, 423 U.S. 261 (1976).

FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff was 21 years old at the time of the administrative decision, and obtained a 12th grade education. He performed past work as a cow milker, for a relative.

Plaintiff filed his application for Title XVI benefits on October 17, 2001. He alleged disability beginning October 15, 1996, based on childhood Hodgkin's lymphoma and a learning disability. The application was denied initially and on reconsideration. An administrative law judge (ALJ) held the de novo hearing on March 4, 2004, at which he heard testimony from two witnesses: plaintiff, who was represented by counsel; and Barbara Soto, plaintiff's girlfriend. On May 11, 2004, the ALJ found that Plaintiff had no severe impairments, and was not disabled within the meaning of the Social Security Act.

REPORT AND RECOMMENDATION
Page - 1

1  Plaintiff requested administrative review, but the Appeals Council declined, making the ALJ's decision the
2  final decision of the Commissioner for purposes of judicial review. 20 C.F.R. § 422.210.

3  Plaintiff now brings the matter to federal court to challenge the administration's decision.
4  Specifically, Mr. Steger argues (a) the ALJ improperly found he did not have any severe impairment at
5  step-two of the five-step evaluation process, and (b) the ALJ improperly rejected plaintiff's testimony and
6  the lay witness evidence.

7  After reviewing the record, the Court finds the ALJ improperly evaluated the severity of plaintiff's
8  impairment(s), and thus, the matter should be REMANDED to the administration for further review.

## DISCUSSION

10  This Court must uphold the Secretary's determination that plaintiff is not disabled if the Secretary
11  applied the proper legal standard and there is substantial evidence in the record as a whole to support the
12  decision. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986). Substantial evidence is such relevant
13  evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales,
14  402 U.S. 389, 401 (1971); Fife v. Heckler, 767 F.2d 1427, 1429 (9th Cir. 1985). It is more than a scintilla
15  but less than a preponderance. Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); Carr v.
16  Sullivan, 772 F. Supp. 522, 525 (E.D. Wash. 1991). If the evidence admits of more than one rational
17  interpretation, the Court must uphold the Secretary's decision. Allen v. Heckler, 749 F.2d 577, 579 (9th
18  Cir. 1984). Here, the ALJ failed to properly consider plaintiff's impairment(s).

19  Step-two of the administration's evaluation process requires the ALJ to determine whether an
20  impairment is severe or not severe. 20 C.F.R. §§ 404.1520, 416.920 (1996). An impairment is "not
21  severe" if it does not "significantly limit" the ability to do basic work activities. 20 C.F.R. §§ 404.1521(a),
22  416.921(a). The Social Security Regulations and Rulings, as well as case law applying them, discuss the
23  step-two severity determination in terms of what is "not severe." According to the Commissioner's
24  regulations, "an impairment is not severe if it does not significantly limit [the claimant's] physical ability to
25  do basic work activities," 20 C.F.R. §§ 404.1520(c), 404.1521(a)(1991). Basic work activities are
26  "abilities and aptitudes necessary to do most jobs, including, for example, walking, standing, sitting, lifting,
27  pushing, pulling, reaching, carrying or handling." 20 C.F.R. § 140.1521(b); Social Security Ruling 85-
28  28 ("SSR 85-28"). An impairment or combination of impairments can be found "not severe" **only** if the

REPORT AND RECOMMENDATION
Page - 2

1 evidence establishes a slight abnormality that has "no more than a minimal effect on an individuals ability
2 to work." *See* SSR 85-28; <u>Yuckert v. Bowen</u>, 841 F.2d 303, 306 (9th Cir.1988)(adopting SSR
3 85-28)(emphasis added).

4     Here, the ALJ quoted § 416.920(c)'s "significantly limits" language and summarized the medical
5 evidence, which he concluded did not support a finding of a severe impairment. Tr. 15-20. After
6 reviewing the ALJ's opinion, it is clear that the ALJ used a much higher standard than noted above by the
7 court in <u>Yuckert v. Brown</u>, *supra*. Step-two is a *de minimis* screening process to dispose of groundless
8 claims. <u>Smolen v. Chater</u>, 80 F.3d 1273 (9th Cir. 1996) *quoting*, <u>Bowen v. Yuckert</u>, 482 U.S. 137, 153-
9 154 (1987).

10     Plaintiff presented medical evidence that he suffers from Hodgkin's lymphoma, obesity, borderline
11 intellectual functioning, sleep apnea, and learning disability. The medical evidence, as summarized by the
12 ALJ, shows the following, (i) plaintiff, as a result of Hodgkin's disease, will have a lifetime hormone
13 deficiency, requiring testosterone injections, (ii) doctors described plaintiff as a very large, obese man, (iii)
14 plaintiff was taking anti-depressant medication, (iv) plaintiff's IQ was rated at 74, with a fourth grade
15 reading ability and a seventh grade mathematical ability, (v) plaintiff's GAF score of 70, reflected some
16 mild symptoms of depression or insomnia, or difficulty in social, occupational, or school functioning, (vi)
17 Dr. Perko believed plaintiff may suffer from chronic fatigue, (vii) Dr. Kifle prescribed the use of a CPAP
18 machine to assist plaintiff's breathing while he sleeps, (viii) Dr. Sattar diagnosed plaintiff with depressive
19 disorder, borderline intellectual functioning and assesses a GAF score of 55.

20     The ALJ analyzed the medical evidence in light of the "significant limitation" language included in
21 the regulations. The ALJ failed to acknowledge or assess this medical evidence in the context of the *de*
22 *minimis* standard. When the evidence noted by the ALJ is reviewed under this screening process, plaintiff
23 claim is clearly not groundless or frivolous, The medical evidence noted by the ALJ provide sufficient
24 evidence that plaintiff's alleged physical and mental limitations, or combination of those limitations, are
25 more than just a slight abnormality.

26 CONCLUSION

27     In sum, the court finds the ALJ's finding that Mr. Steger does not suffer from a severe impairment
28 at step-two in the evaluation process is based on an erroneous standard and application of the facts. Based

1  on the foregoing discussion, the Court should REMAND the matter for further consideration.

2      Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the

3  parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P.

4  6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v.

5  Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to

6  set the matter for consideration on **May 15, 2005**, as noted in the caption.

7      DATED this 19th day of April, 2005.

                                    */s/ J. Kelley Arnold*
                                    J. Kelley Arnold
                                    U.S. Magistrate Judge